UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:15-cv-61233 WJZ

DAVID ANTONIONO INVESTMENTS, INC.,
Plaintiff,

vs.

SANDY HUTCHENS, a/k/a Fred Hayes, a/k/a
Moishe Alexander, a/k/a Moshe Ben Avraham,
a/k/a Mathew Kovce; LAW OFFICES OF
MANNY SINGH P.A.; MANMINDHERJIT SINGH;
and GREAT EASTERN INVESTMENT FUND, LLC,
Defendants.

**Hutchens' and Great Eastern Investment Funds, LLC's Reply to Support their Motion to Excuse Hutchens' Attendance at Mediation**

Nothing in plaintiff's response to Hutchen's Opposition to his motion to excuse his personal attendance at mediation challenges or changes the key fact that when plaintiff scheduled mediation it knew that: (1) Hutchens has been prohibited from entering the United States for years; (2) Hutchens' health presently prohibits him from travelling by air, which he would have to do to attend mediation. No court order, emails from plaintiff, or futile responses to these emails to repeat to plaintiff what it already knew—Hutchens could not enter the country—changes this fact.

If Hutchens had been able to overcome the prohibition on entering the U.S., his health would still preclude him from personally attending mediation. The declaration that Hutchens previously filed with the court [Doc. 89-1] is not "sketchy," (Resp. 5, n. 6). It is specific and detailed. While Hutchens might have, and perhaps in retrospect, should have sought the court's permission earlier to excuse his personal attendance, responding to

plaintiff's demand that a rule required personal attendance that plaintiff knew was impossible did not strike Hutchens as the most productive use of his or the court's time.

Plaintiff makes no effort to explain why it is not preferable to permit what is possible—Hutchen's telephonic attendance—than to stifle Hutchens from participating in mediation. Instead, plaintiff resorts to a common theme when its facts fail: Hutchens is a really bad guy, or to quote plaintiff's inflated rhetoric, a "recidivist fraudster." One reason that Hutchens has vigorously defended both this case and the related class action in Colorado is plaintiff's rhetoric is divorced from the facts. The Colorado class seeks damages for loans for which the class *has admitted* it did not qualify, on the basis that Hutchens lacked resources to fund these loans, when the evidence shows that he had ample funding commitments to do so. There, as here, plaintiffs have strung together unrelated decades old minor run-ins with the law to tar Hutchens as a career criminal. The facts do not support this conclusion. By repeating this and other selective information from the Colorado action, plaintiff apparently hopes that the court's sympathy will incline it to overlook the numerous legal impediments to plaintiff's attempt to bootstrap this case, which is in essence a two-party fraud claim, into a RICO claim.

Finally, there is no inconsistency between Rabbi Schochet's letter to Judge Jackson and Hutchens' inability to attend mediation. Even if Hutchens was not prohibited from entering the U.S. and was medically able to travel, he still could not "attend court." If, as now seems nearly certain, Hutchens is still prohibited from entering the U.S. for the Colorado trial, Passover would still prevent him from 'attending court' through a video transmission or otherwise communicating with counsel during his trial. Hutchens fully

2

intends to explain these details to Judge Jackson. Although plaintiff represents that this letter appears "contrary to representations [Hutchens] made . . . in the Colorado Class Action," (Resp., 6, 1st ¶) when it filed its response, plaintiff knew that "The letter from Rabbi Schochet has not yet been filed with the [Colorado] court or otherwise distributed except to counsel as part of the meet-and-confer process." Ex. A, Email, S. Klenda to K. Roddy, January 20, 2017.

FOR THESE REASONS, Hutchens respectfully asks the court to excuse him from physically attending mediation in this action on January 25, 2017, and grant Hutchens all such further relief as is just, proper, or appropriate.

Dated:  January 23, 2017.

                                  Respectfully submitted,

                                  KLENDA GESSLER & BLUE, LLC

By:   *s/ Steven A. Klenda*
Steven A. Klenda (Colo. Bar 29196)
1624 Market St., Suite 202
Denver, CO  80202
(720) 432-5705 Tel.
Email: sklenda@adroitadvocates.com

ADAMS AND REESE LLP

By:   *s/ Christopher A. Roach*
Christopher A. Roach
101 E. Kennedy Blvd., Suite 4000
Tampa, FL  33602
(813) 402-2880 Tel.
Email: chris.roach@arlaw.com

*Attorneys for Sandy Hutchens and Great Eastern Investment Fund, LLC*

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Sandy Hutchens and Great Eastern Investment Funds, LLC's Reply in Support of Motion to Excuse Defendant Sandy Hutchens' Attendance at Mediation as Required by Local Civil Rule 16.2(e) (Expedited [but not Emergency] Consideration Requested)** was served via CM/ECF on January 23, 2017, on all counsel or parties of record as follows:

| | |
|---|---|
| Nathan C. Zipperian<br>Scott R. Shepherd<br>1625 N. Commerce Parkway, Suite 320<br>Fort Lauderdale, FL  33326<br>Email: nzipperian@sfmslaw.com<br>        sshepherd@sfmslaw.com | Kevin P. Roddy<br>Wilentz, Goldman &<br>Spitzer, P.C.<br>90 Woodbridge Center<br>Drive, Suite 900<br>Woodbridge, NJ  07095<br>Email:<br>kroddy@wilentz.com |
| James M. Kaplan<br>Laura C. Douglas<br>Kaplan Zeena LLP<br>2 South Biscayne Blvd., Suite 3050<br>Miami, FL  33131<br>Email: james.kaplan@kaplanzeena.com<br>        Laura.Douglas@KaplanZeena.com | |

                                                              *s/ Christopher A. Roach*

4

| | |
|---|---|
| **From:** | Steven A. Klenda |
| **To:** | Scott Shepherd |
| **Cc:** | Monica Flanigan; Kevin Roddy |
| **Bcc:** | adroitlegal-fQAS8gSeNn@mycasemail.com |
| **Subject:** | RE: CGC v. Hutchens (D. Colo.) & Antoniono v. Hutchens (S.D. Fla.) |
| **Date:** | Friday, January 20, 2017 7:57:00 AM |

Scott,

There is no such filing. The letter from Rabbi Schochet has not yet been filed with the court or otherwise distributed except to counsel as part of the meet-and-confer process.

-Steve
Steven A. Klenda
Klenda Gessler & Blue LLC
1624 Market Street, Suite 202
Denver, CO  80202
(720) 432-5705



**From:** Scott Shepherd [mailto:sshepherd@sfmslaw.com]
**Sent:** Friday, January 20, 2017 07:06
**To:** Steven A. Klenda <sklenda@klendagesslerblue.com>
**Cc:** Monica Flanigan <mflanigan@klendagesslerblue.com>; Kevin Roddy <kroddy@wilentz.com>
**Subject:** RE: CGC v. Hutchens (D. Colo.) & Antoniono v. Hutchens (S.D. Fla.)

Steve - Please identify the public filing that includes the letter from Rabbi Schochet.  SRS

